UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:07mc111-C

In RE:

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.: 6:05CV1624-18UAM

| | |
|---|---|
| BELFOR USA GROUP, INC. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| BRAY & GILLESPIE, LLC a/k/a ) | |
| BRAY & GILLESPIE ) | **MEMORANDUM AND ORDER** |
| MANAGEMENT, LLC., ) | |
| WESTCHESTER SURPLUS ) | |
| LINES INSURANCE COMPANY ) | |
| AXIS REINSURANCE ) | |
| COMPANY, AND WACHOVIA ) | |
| BANK, N.A., ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on "USTT, Inc's [hereafter "USTT"] Motion To Quash Bray & Gillespie a/k/a Bray & Gillespie Management, LLC's Subpoena" filed September 24, 2007 (document #1). Bray & Gillespie, LLC's [hereafter "B&G"] Memorandum in Opposition . . ." (document #2) was filed October 11, 2007, and the time for filing a Reply has expired. For the reasons stated below, and for the further reasons stated in B&G's Memorandum in Opposition, USTT's Motion to Quash will be <u>denied</u>.

USTT (a non-party to the action in the Middle District of Florida captioned above) argues in its motion that the subject Subpoena requires disclosure of "privileged or other protected matter"; that B&G "can not demonstrate any need for the documents requested"; that the subpoenaed

documents are "irrelevant" to the subject action; that producing the documents will be an "undue burden"; that any benefit to be derived from receipt of the documents by B&G is outweighed by "potential harm" to USTT; and/or that the Subpoena failed to allow a reasonable time for compliance.  At the heart of USTT's argument are its contentions that the subpoenaed documents can be "more easily obtained through Belfor [the Plaintiff in the Florida action]," that obtaining the documents from USTT would be duplicative, that substantial time and resources would be required to identify and produce the documents, and that an unstated portion of the documents are irrelevant and/or confidential.

In contrast to USTT's conclusory arguments, B&G's Memorandum in Opposition (document #2) substantively and credibly addresses each argument with factual specificity.  In response to USTT's general contention that the subpoenaed documents are "irrelevant," for example, B&G points out that the lawsuit in Florida involves $6.5 million dollars Belfor claims that it is owed (in addition to the $12 million already paid) for reconstruction and remediation of nine hotels damaged by a hurricane in 2004.  At the heart of B&G's defense in this action is its assertion "that Belfor employed unskilled laborers of questionable legal status, resulting in construction defects and over-billing on invoices."  Discovery tends to establish that USTT works exclusively for Belfor and that it is USTT which supplied Belfor with many of the challenged laborers.

With this background – and particularly in light of B&G's assertions that Belfor "failed to utilize labor and materials 'of good quality' or to install them in a good and workman like [sic] manner, free from defects" as required by the contract, and that Belfor "fraudulently sought to bill for services not provided or provided for by categories of labor other than what was actually provided in huge over billings" – it is difficult to understand how USTT can credibly contend that

2

information about the laborers (and supervisors) it supplied Belfor to work on these very projects is "irrelevant." To the contrary, the categories of documents covered by the Subpoena appear to be "relevant" on their face, specifically:

> (1) The "Employee Files," including but not limited to, documentation Related To tax withholding and eligibility to work in the United States (e.g., I-9 and W-4 forms) for employees who assisted Belfor in their Work at the Properties;
>
> (2) All Documents and Communications between [You] and Belfor relating to Belfor's Work at the Properties, including but not limited to Documents and Communications describing the type of work being performed for Belfor by your Employees;
>
> (3) Any agreements or contracts between [You] and Belfor relating to providing Employees to Belfor, including but not limited to the laborers, foremen and supervisors provided for Belfor's Work at the Properties;
>
> (4) All Documents or Communications Relating To any contracts or agreements between [You] and Belfor; [and]
>
> (5) All Documents or Communications Relating to the invoicing or billing of Belfor for your Employees.

B&G's Memorandum in Opposition (document #2 at 5).

Regarding confidentiality, B&G correctly notes that a Confidentiality Order – such as the one already in place in the Florida action – would prevent the improper dissemination of proprietary information cited by USTT as one of its primary concerns. B&G has also agreed to limit its request "[to] exclude medical histories and other documents subject to the Health Insurance Portability and Accountability Act (HIPPA)."

As to B&G's contention that the subject documents can be obtained "more easily" from Belfor, B&G credibly responds that it has subpoenaed these documents from Belfor and that based on what has been produced to date it appears that USTT likely has documents Belfor has for

3

whatever reason, failed to produce. Furthermore, B&G makes it clear in its Memorandum in Opposition that it expects to pay for expenses incurred for the identification, copying, and mailing of the covered documents – as they "are kept in the ordinary course of business" – effectively countering USTT's argument that compliance with the Subpoena will be "unduly burdensome."

And, finally, USTT's argument that it was not afforded "reasonable time" to comply with the Subpoena borders on the spurious. Much to the contrary, the Subpoena was issued August 7, 2007, almost two months before the end of discovery, giving USTT until September 6, 2007 (before the discovery deadline) to produce the documents. Counsel for USTT requested and was given additional time – twice – never mentioning to B&G's counsel that USTT had any objection to complying, but then instead of complying filed the subject Motion to Quash.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. USTT Inc.'s Motion to Quash (document #1) is **DENIED**.

2. USTT shall comply with the requirements of the Subpoenas, producing the subject documents <u>within thirty (30) days</u> of this Memorandum and Order.

3. B&G shall reimburse USTT for expenses incurred in identifying, copying, and mailing the subject documents.

4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; to the Honorable Robert J. Conrad, Jr.; <u>and to the Clerk of Court for the Middle District of Florida</u>.

**SO ORDERED**.

Signed: October 26, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge